NO. 07-02-0022-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 16, 2002



______________________________




HORACE CHESTER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 82603; HONORABLE LARRY GIST, JUDGE



_______________________________



Before QUINN and JOHNSON, JJ., AND BOYD, S.J. (1)

 Appellant Horace Chester has given notice of appeal from a conviction and
sentence in Cause No. 82603 in the Criminal District Court of Jefferson County, Texas (the
trial court), for possession of a controlled substance. The appellate court clerk has
received and filed the trial court clerk's record and the trial court reporter's record. 
Appellant has been previously granted an extension of time to file his brief. By letter dated
August 19, 2002, the appellate clerk advised counsel for appellant that appellant's brief
was due on July 15, 2002, and that neither the brief nor a motion for extension of time for
filing of the brief had been received. Counsel for appellant was further advised by such
letter that if no response to the letter was received by August 30, 2002, the appeal would
be abated to the trial court for hearing pursuant to Tex. R. App. P. 38.8(b). No response
to the clerk's letter of August 19th has been received.

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant's
present counsel should be replaced; and (2) what orders, if any, should be entered to
assure that the appeal will be diligently pursued. If the trial court determines that the
present attorney for appellant should be replaced, the court should cause the clerk of this
court to be furnished the name, address, and State Bar of Texas identification number of
the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record; and (5) cause the
records of the proceedings to be sent to this court. Tex. R. App. P. 38.8(b)(3). In the
absence of a request for extension of time from the trial court, the supplemental clerk's
record, supplemental reporter's record, and any additional proceeding records, including
any orders, findings, conclusions and recommendations, are to be sent so as to be
received by the clerk of this court not later than October 16, 2002. 

 

 Per Curiam

Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


at 511. We agree it presents
no meritorious grounds for review. We grant counsel's motion to withdraw and affirm the
judgment of the trial court.


 James T. Campbell

 Justice


 


Do not publish. 
1. Appellant's long time housekeeper denied he was a curandero or witch doctor.